**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 96-7754**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHORYA A. STATON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (CR-93-49)

———————

Submitted: August 26, 1997      Decided: September 10, 1997

———————

Before WILKINS, HAMILTON, and WILLIAMS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Chorya A. Staton, Appellant Pro Se. Arenda L. Wright Allen, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Chorya A. Staton of attempting to possess cocaine with intent to distribute and possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). Staton appealed, arguing that his prosecution on the charges contained in the superseding indictment violated the Speedy Trial Act, 18 U.S.C. §§ 3161-3174 (1994) ("Act"). We remanded the case to the district court with instructions to determine on what date it received a copy of the Supreme Court's order denying Staton's petition for a writ of certiorariCa date critical to the speedy trial calculation. See United States v. Staton, No. 95-5355, 1996 WL 465841 (4th Cir. Aug. 16, 1996) (unpublished). On remand, the district court determined that it received the Supreme Court's order on December 14Cthe date on which it was filedCand that no violation of the Act occurred. Staton appeals from that order.

Staton contends on appeal that the district court had notice of the Supreme Court's denial of his petition for a writ of certiorari on October 18, thereby making his trial untimely under the Act. He failed to show, however, that the district court's factual finding that the court received notice of the Supreme Court's denial on December 14 was clearly erroneous. Because Staton's trial began within the seventy-day period provided by the Act, we affirm. We dispense with oral argument because the facts and legal conten-

2

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED